# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLAN STEVEN BOREN,

        Plaintiff,

vs.

HARRAH'S ENTERTAINMENT INC., et al.,

        Defendants.

Case No.: 2:08-cv-00215-GMN-LRL

**ORDER**

Pending before the Court are four motions in limine filed by Defendants (ECF Nos. 53, 54, 55, 56). Plaintiff has responded to all of those motions (ECF Nos. 59, 60, 61, 64). For the reasons that follow, Defendants' first and second motions in limine (ECF Nos. 53 and 54) are GRANTED, and Defendants' third and fourth motions in limine (ECF No. 55 and 56) are DENIED.

**I.   FACTUAL BACKGROUND**

The only remaining cause of action in this lawsuit is for malicious prosecution. The facts surrounding the case are set forth in detail in this Court's October 19, 2010 Order denying Defendants' Motion for Summary Judgment. (*See* ECF No. 62.) Briefly stated, Plaintiff, a former high-stakes gambler, claims that Defendants maliciously instituted criminal proceedings against him when it submitted to the Clark County District Attorney two bad check complaints related to markers that Plaintiff allegedly no longer owed.

A bench trial on this claim is scheduled to begin on November 2, 2010, and Defendants have submitted their motions in limine in anticipation of that event.

## II. DISCUSSION

### A. Defendants' First Motion in Limine (ECF No. 53)

In their first motion in limine, Defendants seek to preclude Plaintiff from "introducing at trial any evidence concerning communications between Plaintiff and George Buehler," on the basis that Plaintiff prevented Defendants from conducting discovery on those communications. (*See* Mot., ECF No. 53.)  George Buehler was Plaintiff's attorney in connection with the unrelated criminal proceedings against Plaintiff in the Central District of California. (*Id.*)

Plaintiff filed a Non-Opposition to Defendants' motion, in which Plaintiff notes that he does not object to Defendants' first motion in limine. (*See* Resp., ECF No. 59.) Accordingly, Defendants' first motion in limine (ECF No. 53) is GRANTED.

### B. Defendants' Second Motion in Limine (ECF No. 54)

In their second motion in limine, Defendants move to exclude any evidence of any purported oral agreement regarding the extinguishment or modification of the two markers Plaintiff executed in November of 1999, because, *inter alia*, Plaintiff failed to allege the existence of such an oral agreement in his Complaint. (*See* Mot., ECF No. 54.) Plaintiff filed a response, in which he admits that "Plaintiff does not oppose the exclusion of any evidence of any oral agreements regarding the extinguishing of the November of 1999 markers," (*see* Resp. 4:8–10, ECF No. 60), but opposes Defendants' motion on the grounds that it is moot and misleading, (*see* Resp. 5:2, ECF No. 60).  However, at the subsequent Calendar Call before the Court on October 25, 2010, counsel for Plaintiff represented that Plaintiff was not opposed to this motion.  Accordingly, Defendants' second motion in limine (ECF No. 54) is GRANTED.

Plaintiff need not worry about whether some of Defendants' arguments are misleading; this Court will have ample opportunity to weigh the various arguments of

fact and law at the upcoming trial and will not be unduly influenced by a few paragraphs in a motion in limine.

### C. Defendants' Third Motion in Limine (ECF No. 55)

In their third motion in limine, Defendants move to exclude any evidence related to emotional distress damages, contending that "[l]ay testimony cannot establish Plaintiff's emotional distress damages, and therefore these damages should be barred by Plaintiff's lack of an expert." (Mot. 2:4–5, ECF No. 55.)  Specifically, Defendants assert that Plaintiff will not be able to prove emotional damages at trial because an expert is required to establish the causal link between Harrah's alleged conduct and Plaintiff's alleged emotional distress, and Plaintiff has not included any expert on his witness list. (*See* Mot. 2, ECF No. 55.)

Plaintiff opposes Defendants' motion, arguing that, under this Court's decision in *America's Servicing Co. v. Schwartz-Tallard*, No. 2:10-cv-00292-GMN-RJJ, 2010 WL 3724187 (D. Nev. Sept. 14, 2010), emotional distress damages can be proved by medical evidence, non-experts, or even without corroborative evidence where the violator's conduct is egregious or would cause a reasonable person to suffer significant emotional harm. (Resp. 3:11–5:3, ECF No. 61.)  However, *America's Servicing Co.* is not directly relevant to this case, as it only addresses emotional distress damages arising under 11 U.S.C. § 362(k). It does not address the standard for establishing competent evidence to demonstrate a required element of the Nevada state law tort of malicious prosecution, as is the case here.

Nonetheless, Defendants' arguments are overbroad and unconvincing.  Although Defendants are correct that Federal Rule of Evidence 701 can be used to bar a lay witness from testifying as to their opinion regarding causation, Defendants' arguments are insufficient to warrant the exclusion of all testimony from a witness relating to emotional

distress. Their primary mistake is conflating a lay witness testifying as to her opinion concerning causation--which may properly be excluded--with a lay witness testifying from her personal knowledge about the emotional distress, the time of its onset, and its symptoms, which may be used by the finder of fact to find the requisite causation, if it exists. Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert. A plaintiff could still present enough evidence through other avenues to allow a finder of fact to determine that, by a preponderance of the evidence, the wrong caused the damage. The cases cited by Defendants do not suggest that any contrary conclusion must be reached. *Haines v. Davies*, Nos. 1:07-cv-00851, 1:07-cv-00852, 2009 WL 331433, at *4 (M.D. Pa. Feb. 9, 2009) merely stands for the proposition that a lay witness may not testify as to the causation of a plaintiff's injuries or to opinions based upon medical or scientific knowledge. That court still allowed the lay witness to testify as to her personal knowledge, diagnosis, and treatment in support of the plaintiffs' damages. *Id*. *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1062–63 (9th Cir. 2005) does not even touch upon causation, despite Defendants' contention that it does. In *Head*, the Ninth Circuit determined that the trial court did not abuse its discretion when it prevented one of the witnesses from answering the question: "[w]as there anything about the position where Mr. Head was stuck or the location of the loader in the material it was stuck in that caused you to believe that he had violated the equipment abuse policy?" *Id.* at 1062. This is not a question about causation; it is merely an inquiry as to whether the witness believed that the events to which he had testified constituted a violation of the equipment abuse policy. Nonetheless, the Ninth Circuit's rationale under Federal Rule of Evidence 701 for upholding the trial court's decision is relevant here. The Ninth Circuit

concluded that the question was properly excluded because the witness's answer "would not have been helpful to 'the determination of a fact in issue,'" as "the jury was fully capable of comparing the incident involving the loader with the standards in the equipment abuse policy and drawing its own conclusion." *Id*. at 1063. This is exactly why a lay witness is generally prevented from giving opinion testimony as to causation: the lay witness's testimony would not be helpful to the trier of fact. But *Head* also demonstrates that even when a lay witness is prevented from proffering his opinion as to a certain subject because such an opinion would be unhelpful, the finder(s) of fact may still be allowed to draw conclusions regarding that subject. Thus, the finder of fact in this bench trial will be able to determine causation--or lack thereof--from the facts presented to it, even though Plaintiff will be prevented from testifying as to his opinion concerning that causation. Accordingly, it is not appropriate to exclude all testimony regarding emotional distress, therefore Defendants' third motion in limine is DENIED.

### D.  Defendants' Fourth Motion in Limine (ECF No. 56)

In their fourth motion in limine, Defendants seek "to exclude any evidence at trial that the federal court that sentenced Plaintiff on unrelated fraud charges or the Federal Bureau of Prisons ("FBOP") that decided in which prisons to place Plaintiff considered the pendency of Nevada state charges concerning bad markers in making these determinations." (Mot. 1:6–9, ECF No. 56.) Defendants first contend that exclusion of such evidence is proper because of "the doctrine of intervening acts of judicial discretion," which Defendants argue cuts off proximate causation for any claims rooted in a court's exercise of independent judgment. (Mot. 2:6–9, ECF No. 56.) In support of this argument, Defendant only cites a Seventh Circuit case, wherein that Circuit concluded that objections to a request for attorney's fees could not be considered the proximate cause of any alleged diminution of attorney's fees because the trial court had

still made an independent determination as to the appropriate attorney's fees, *see Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 413 (7th Cir. 2000), and a case from one of California's state intermediate appellate courts, *see Whitcombe v. County of Yolo*, 73 Cal. App. 3d 698, 708 (1977). Defendants cite to no case law that actually governs this Court. Absent relevant case law from the Supreme Court or the Ninth Circuit, this Court will not impose the severe restraint on Plaintiff's presentation of evidence that Defendants are seeking here. Further, even if *Montgomery* were decided in this Circuit, it is not clear that it would even be relevant to this case, as there were no allegations in *Montgomery* that the information the court considered in reaching its decision was the result of false or misleading statements.

Defendants also claim that any evidence related to the court lengthening Plaintiff's sentence or the Bureau of Prisons making designation and housing decisions due to the pending charges would be inherently speculative. (Mot. 2:15–23, 3:3–7, ECF No. 56.) Although the Court agrees that there is a risk that the anticipated argument by Plaintiff without competent evidence to support it would be merely speculative, the request in Defendants' motion in limine is overreaching. The Court will consider specific defense objections made to each factual allegation offered by Plaintiff into evidence separately as they are proffered at trial and sought to be introduced, rather than grant at this time what may amount to an overly broad exclusion of evidence.

Defendants further argue that any evidence related to the Bureau of Prisons taking the pending charges into account should be excluded because Plaintiff did not mention the Bureau of Prisons in the operative Complaint. (Mot. 2:27–3:3, ECF No. 56.) In support of this argument, Defendants cite to *Gribben v. United Parcel Service, Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008), whose holding Defendants' misrepresent claiming it, "stat[es] that the trial court has discretion to exclude evidence on an unpleaded issue."

(Mot. 2:27–3:3, ECF No. 56.)  First, it is worth noting that nowhere in the opinion does *Gribben* "state" that the trial court has discretion to exclude evidence on an unpleaded issue.  Second, there is no reference to unpleaded issues anywhere on the page cited to by Defendants.  On the preceding page, however, the Ninth Circuit does conclude that "[b]ecause Gribben did not assert this claim in his complaint, the parties' joint proposed case management plan, nor in his response to UPS's motion for summary judgment, the district court did not abuse its discretion in excluding at trial evidence pertaining to the claim." *Gribben*, 528 F.3d at 1171.  This conclusion is quite a bit different than the one Defendants ascribe to the case.  Whereas Defendants incorrectly indicate that the case allows for the exclusion of merely "unpleaded" issues, meaning issues that were not contained in a complaint or answer, or a reply to a counterclaim, or an answer to a cross-claim[1], the case actually dealt with circumstances which the plaintiff had not only failed to plead, but also failed to assert it in the parties' case management plan and failed to assert in its response to the defendant's motion for summary judgment.  Nevertheless, *Gribben* appears as though it could apply in this case, as an examination of Plaintiff's pleadings and other motions or paper filings does not reveal any previous reference to the Bureau of Prisons engaging in decisions based on the charges pending against Plaintiff.  However, the Court chooses not to exercise its discretion to exclude all such evidence of this issue, as Plaintiff did reference during his deposition the claim that Bureau of Prisons engaged in such decisions (*see* Boren Dep. 156:14–157:4, ECF No. 49-3), and, thus, Defendants were on notice at that time that the allegation and evidence supporting it might eventually be introduced.  Accordingly, Defendants' fourth motion in limine is DENIED.

---

[1] As the Ninth Circuit noted in *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005), "Rule 7(a) defines "pleadings" as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer.  Anything else is a motion or a paper."

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' first motion in limine (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that Defendants' second motion in limine (ECF No. 54) is GRANTED.

IT IS FURTHER ORDERED that Defendants' third motion in limine (ECF No. 55) is DENIED.

IT IS FURTHER ORDERED that Defendants' fourth motion in limine (ECF No. 56) is DENIED.

DATED this 26th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge